## BECKERMAN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 27, 1920.)

No. 2732.

Larceny ⟜21—Stealing from "station house" does not include station house of a transfer company.

Comp. St. § 8603, penalizing stealing from a "station house" goods in interstate commerce, refers only to a railroad station house, and does not cover stealing from the station house of a transfer company, handling freight by wagon.

In Error to the District Court of the United States for the Eastern District of Illinois.

Jake Beckerman was convicted of an offense, and brings error. Reversed.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Chester H. Krum, of St. Louis, Mo., and Charles A. Karch, of East St. Louis, Ill., for plaintiff in error.

Andrew B. Dennis, of Danville, Ill., for the United States.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge. Plaintiff in error was convicted upon two counts of an indictment—the first charging him with having stolen five cases of shoes from "the station house of the Columbia Transfer Company in St. Louis, which said shoes were then and there consigned and in transit in interstate commerce from St. Louis to Kimberland, N. C."; the second charging him with having in his possession five cases of shoes that to his knowledge had been stolen and carried away from the "station house" of the Columbia Transfer Company, etc. The Columbia Transfer Company handles freight by wagon, maintains a warehouse in East St. Louis, and hauls freight between the railroad depot and its warehouse, or a shipper's place of business. The five cases of shoes had been delivered by the manufacturing company to the drayman of the Columbia Transfer Company, and by such drayman taken to the warehouse. They were later to be shipped to North Carolina.

The judgment is assailed because unsupported by the evidence; it being the urge of plaintiff in error that the "station house" referred to in the statute must be a railroad station house. The statute reads:

"Whoever shall steal or unlawfully take, carry away, or conceal * * * from any railroad car, station house, platform, depot, steamboat, vessel, or wharf, with intent to convert to his own use any goods or chattels moving as, or which are a part of or which constitute, an interstate or foreign shipment of freight," etc. Comp. St. § 8603.

No case has been called to our attention, and we have been unable to find any decision that supports the government's position. Under the doctrine of noscitur a sociis the meaning of the words "station house" is dependent upon the associated words. The word "railroad" not only modifies "car," but "station house," "platform," and "depot."

It follows that the judgment must be and is hereby reversed.